IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-233

 No. COA19-926

 Filed 1 June 2021

 Guilford County, No. 16 CVS 9056

 NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, INC.,
 Plaintiff,

 v.

 LANIER LAW GROUP, P.A., and LISA LANIER, Defendants.

 Appeal by defendants from order entered 28 June 2019 by Judge Susan E. Bray

 in Guilford County Superior Court. Heard in the Court of Appeals 28 April 2021.

 Goldberg Segalla LLP, by David L. Brown and Martha P. Brown, for plaintiff-
 appellee.

 Pinto Coates Kyre & Bowers, PLLC, by Richard L. Pinto and Matthew J.
 Millisor, for defendants-appellants.

 TYSON, Judge.

¶1 Lanier Law Group, P.A. (LLG) and Lisa Lanier (“Lanier”) (“collectively

 Defendants”) appeal from an order entered granting summary judgment to North

 Carolina Farm Bureau Insurance Company, Inc. (“Plaintiff”). We affirm.

 I. Background

¶2 LLG is a North Carolina-chartered professional association law firm, which

 specializes in representing plaintiffs in personal injury actions. Lanier is
 N.C. FARM BUREAU V. LANIER

 2021-NCCOA-233

 Opinion of the Court

 President/CEO of LLG and she practices law in North Carolina. Plaintiff is a mutual

 insurance company organized and existing under the laws of North Carolina.

¶3 LLG seeks clients by sending marketing materials to individuals who have

 been involved in automobile accidents. LLG obtains the names and addresses of the

 potential clients from the North Carolina Division of Motor Vehicles form DMV-349

 accident reports.

¶4 LLG purchased three primary business policies and an excess policy from

 Plaintiff. Lanier individually purchased three homeowners’ policies and a personal

 umbrella policy from Plaintiff.

¶5 LLG, Lanier, and other personal injury lawyers, who also utilize the direct

 mailing solicitations from DMV-349 accident reports, were named in a class action

 filed on 27 May 2016 in the United States District Court for the Middle District of

 North Carolina captioned Garey v. James S. Farrin, Case No. 1:16-cv-00542-LCB-

 JLW.

¶6 The plaintiffs in Garey alleged the defendants, including Defendants herein,

 obtained and used their “protected personal information” in connection with

 advertisements for legal services without the consent of the plaintiffs in violation of

 the Driver’s Privacy Protection Act of 1994, 18 U.S.C. § 2721 et seq. (“DPPA”).

¶7 Allegations in the Garey complaint assert:

 140. Defendants knowingly obtained and used one or more
 N.C. FARM BUREAU V. LANIER

 2021-NCCOA-233

 Opinion of the Court

 Plaintiff’s protected personal information from a motor
 vehicle record as described above.

 141. Each Defendant knowingly obtained, disclosed and
 used one or more Plaintiff’s protected personal information
 from a motor vehicle record for the purpose of marketing
 that Defendant’s legal services.

 ....

 143. When each Defendant sent its above-described
 mailing containing the words “This is an advertisement for
 legal services” to one or more Plaintiffs, Defendants
 knowingly disclosed and used said Plaintiff’s personal
 information from a motor vehicle record.

 144. Defendants knowingly obtained, disclosed and used
 Plaintiffs’ personal information from a motor vehicle record
 for the purpose of marketing legal services.

 145. Advertising for legal services for the solicitations of
 new potential clients is not a permissible purpose for
 obtaining motor vehicle records under the DPPA.
 Maracich v. Spears, 133 S. Ct. 2191 (2013).

 146. Defendants knowingly obtained, disclosed and used
 Plaintiffs’ personal information from a motor vehicle record
 in violation of the DPPA. (emphasis supplied).

¶8 Upon cross motions for summary judgment in the underlying case, the United

 States District Court Judge denied the plaintiffs’ motion for summary judgment and

 granted defendants’ motion for summary judgment. Garey v. Farrin, __ F. Supp.3d

 __, 2021 WL 231281 (M.D.N.C. 2021).
 N.C. FARM BUREAU V. LANIER

 2021-NCCOA-233

 Opinion of the Court

¶9 The Garey order and opinion states the plaintiffs were involved in vehicle

 accidents wherein “local police officers or North Carolina State Highway Patrol

 troopers investigated and recorded their findings on a standard DMV-349 form that

 was then provided to the North Carolina Division of Motor Vehicles (“DMV”).” Id. at

 __, 2021 WL 231281, at *1. The information was gathered from the individual’s

 driver’s license. Id.

¶ 10 The defendants in Garey gathered the information from DMV -349s themselves

 or they “purchased accident report data aggregated by a third party.” Id. Nowhere

 in plaintiff’s pleadings or arguments in Garey did they allege the DMV-349 reports

 are “motor vehicle records,” but “the information included in the report may be traced

 back to such records and thus fall under the ambit of the DPPA.” Id.

¶ 11 “There are no allegations that the accident reports are motor vehicle records

 under the DPPA nor that the information was obtained from a search of a DMV

 database.” Id. at __, 2021 WL 231281, at *8 (internal quotation marks omitted). The

 plaintiff in Garey did not assert and the District Court Judge did not find any case

 “where a defendant was adjudged liable as a matter of law for a DPPA violation after

 obtaining, disclosing, or using personal information that was not gathered directly

 from a state DMV.” Id. (internal quotation marks omitted).

¶ 12 Lanier and LLG tendered the defense of the Garey litigation to Plaintiff under

 the policies listed above. Plaintiff agreed to defend Defendants under a reservation
 N.C. FARM BUREAU V. LANIER

 2021-NCCOA-233

 Opinion of the Court

 of rights to later deny indemnity coverage and to withdraw from providing for the

 defense. During oral argument, Plaintiff’s counsel stated Plaintiff would not be

 seeking a recoupment of costs and fees extended during Defendant’s defense of the

 Garey suit.

¶ 13 Plaintiff commenced this action by filing a declaratory judgment complaint on

 2 December 2016 to determine its obligations under the above policies to the Garey

 suit. On cross-motions for summary judgment, the trial court entered a summary

 judgment order for Plaintiff on 28 June 2019 finding the Garey suit did not trigger

 Plaintiff’s duty to defend under any of the tendered policies. Defendants timely

 appealed.

 II. Jurisdiction

¶ 14 This Court possesses jurisdiction pursuant to N.C. Gen. Stat. § 7A-27(b) (2019).

 III. Issue

¶ 15 Defendants argue the trial court erred by granting summary judgment for

 Plaintiff and assert, at minimum, there is a duty to defend under the LLG excess

 policy.

 IV. Plaintiff’s Summary Judgment Motion

 A. Standard of Review

¶ 16 North Carolina Rule of Civil Procedure 56(c) entitles a movant to obtain

 summary judgment upon demonstrating “the pleadings, depositions, answers to
 N.C. FARM BUREAU V. LANIER

 2021-NCCOA-233

 Opinion of the Court

 interrogatories, and admissions on file, together with the affidavits” show there is “no

 genuine issue as to any material fact” and the movant is “entitled to a judgment as a

 matter of law.” N.C. Gen. Stat. § 1A-1, Rule 56(c) (2019).

¶ 17 A genuine issue of material fact is one supported by evidence that would

 “persuade a reasonable mind to accept a conclusion.” Liberty Mut. Ins. Co. v.

 Pennington, 356 N.C. 571, 579, 573 S.E.2d 118, 124 (2002) (citation omitted). “An

 issue is material if the facts alleged would . . . affect the result of the action.” Koontz

 v. City of Winston-Salem, 280 N.C. 513, 518, 186 S.E.2d 897, 901 (1972).

¶ 18 “The party moving for summary judgment bears the burden of establishing

 that there is no triable issue of material fact.” DeWitt v. Eveready Battery Co., 355

 N.C. 672, 681, 565 S.E.2d 140, 146 (2002) (citation omitted). “This burden may be

 met by proving that an essential element of the opposing party’s claim is nonexistent,

 or by showing through discovery that the opposing party cannot produce evidence to

 support an essential element of his claim or cannot surmount an affirmative defense

 which would bar the claim.” Id. (citation and internal quotation marks omitted).

¶ 19 “The evidence produced by the parties is viewed in the light most favorable to

 the non-moving party.” Hardin v. KCS Int’l., Inc., 199 N.C. App. 687, 695, 682 S.E.2d

 726, 733 (2009) (citation omitted). When the court reviews the evidence at summary

 judgment, “[a]ll inferences of fact from the proofs offered at the hearing must be

 drawn against the movant and in favor of the party opposing the motion.” Boudreau
 N.C. FARM BUREAU V. LANIER

 2021-NCCOA-233

 Opinion of the Court

 v. Baughman, 322 N.C. 331, 343, 368 S.E.2d 849, 858 (1988) (citation omitted).

¶ 20 “Our standard of review of an appeal from summary judgment is de novo; such

 judgment is appropriate only when the record shows that ‘there is no genuine issue

 as to any material fact and that any party is entitled to a judgment as a matter of

 law.’” In re Will of Jones, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting

 Forbis v. Neal, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007)). The meaning of the

 terms and provisions used in an insurance policy are a question of law. Wachovia

 Bank & Tr. Co. v. Westchester Fire Ins. Co., 276 N.C. 348, 354, 172 S.E.2d 518, 522

 (1970).

 B. Rules of Construction of Insurance Policies

¶ 21 Our Supreme Court stated an insurance policy is a contract, “[a]s with all

 contracts, the object of construing an insurance policy is to arrive at the insurance

 coverage intended by the parties when the policy was issued.” Harleysville Mut. Ins.

 Co. v. Buzz Off Insect Shield, L.L.C., 364 N.C. 1, 9, 692 S.E.2d 605, 612 (2010) (citation

 and internal quotation marks omitted); see Woods v. Nationwide Mut. Ins. Co., 295

 N.C. 500, 505, 246 S.E.2d 773, 777 (1978) (“[T]he goal of [insurance policy]

 construction is to arrive at the intent of the parties when the policy was issued.”).

¶ 22 “[T]he most fundamental rule [in interpreting insurance policies] is that the

 language of the policy controls.” Nationwide Mut. Ins. Co. v. Mabe, 115 N.C. App.

 193, 198, 444 S.E.2d 664, 667 (1994).
 N.C. FARM BUREAU V. LANIER

 2021-NCCOA-233

 Opinion of the Court

¶ 23 Any ambiguities in the insurance policy are “strictly construed against the

 insurer and in favor of the insured.” State Capital Ins. Co. v. Nationwide Mut. Ins.

 Co., 318 N.C. 534, 547, 350 S.E.2d 66, 73 (1986).

¶ 24 Our Supreme Court stated our courts are to “construe[] liberally insurance

 policy revisions that extend coverage so as to provide coverage, whenever possible by

 reasonable construction,” and “strictly construe against an insurance company those

 provisions excluding coverage under an insurance policy.” Harleysville Mut. Ins. Co.,

 364 N.C. at 9-10, 692 S.E.2d at 612 (citation and internal quotation marks omitted);

 see State Capital Ins. Co., 318 N.C. at 542-43, 350 S.E.2d at 71 (1986) (“Exclusionary

 clauses are interpreted narrowly while coverage clauses are interpreted broadly to

 provide the greatest possible protection to the insured.”).

¶ 25 If the insurance policy specifically defines a term, that definition governs its

 application. York Indus. Ctr., Inc. v. Mich. Mut. Liab. Co., 271 N.C. 158, 162, 155

 S.E.2d 501, 505 (1967) (“Since the word . . . is defined in the amended policy, it must

 be given that meaning, regardless of whether a broader or narrower meaning is

 customarily given to the term, the parties being free, apart from statutory limitations,

 to make their contract for themselves and to give words therein the meaning they see

 fit.”). This Court stated, “all parts of an insurance policy are to be construed

 harmoniously so as to give effect to each of the policy’s provisions.” Nationwide Mut.

 Ins. Co., 115 N.C. App. at 198, 444 S.E.2d at 667.
 N.C. FARM BUREAU V. LANIER

 2021-NCCOA-233

 Opinion of the Court

 C. Duty to Defend

¶ 26 A policyholder claiming coverage under an enforceable insurance policy

 triggers two independent duties the carrier owes to the insured: the duty to defend

 and the duty to indemnify. See Harleysville Mut. Ins. Co., 364 N.C. at 6-7, 692 S.E.2d

 at 610-11. Our Court has held: “the insured has the burden of bringing itself within

 the insuring language of the policy.” Kubit v. MAG Mut. Ins. Co., 210 N.C. App. 273,

 283, 708 S.E.2d 138, 147 (2011) (citation and alteration omitted).

¶ 27 If the insured party meets this burden, the burden shifts to the insurer to

 “prove that a policy exclusion excepts the particular injury from coverage.” Id.

 (citation omitted). If the insurer meets this burden, the burden shifts back to the

 insured to “prov[e] that an exception to the exclusion exists and applies to restore

 coverage.” Home Indem. Co. v. Hoechst Celanese Corp., 128 N.C. App. 189, 202, 494

 S.E.2d 774, 783 (1998) (citation omitted).

¶ 28 Our Supreme Court examined the interplay between a duty to defend and a

 duty to indemnify in Waste Mgmt. of Carolinas, Inc. v. Peerless Ins. Co., 315 N.C. 688,

 691, 340 S.E.2d 374, 377 (1986) holding:

 Generally speaking, the insurer’s duty to defend the
 insured is broader than its obligation to pay damages
 incurred by events covered by a particular policy. An
 insurer’s duty to defend is ordinarily measured by the facts
 as alleged in the pleadings; its duty to pay is measured by
 the facts ultimately determined at trial. When the
 pleadings state facts demonstrating that the alleged injury
 N.C. FARM BUREAU V. LANIER

 2021-NCCOA-233

 Opinion of the Court

 is covered by the policy, then the insurer has a duty to
 defend, whether or not the insured is ultimately
 liable. Conversely, when the pleadings allege facts
 indicating that the event in question is not covered, and the
 insurer has no knowledge that the facts are otherwise, then
 it is not bound to defend.

 Id. (emphasis supplied). An insurer is excused from its duty to defend when “the facts

 are not even arguably covered by the policy.” Id. at 692, 340 S.E.2d at 378.

¶ 29 Our Supreme Court further explained the duty of an insurer to defend in Waste

 Management holding: “Where the insurer knows or could reasonably ascertain facts

 that, if proven, would be covered by its policy, the duty to defend is not dismissed

 because the facts alleged in a third-party complaint appear to be outside coverage, or

 within a policy exception to coverage.” Id. at 691, 340 S.E.2d at 377 (citation omitted).

¶ 30 Later in Harleysville Mut. Ins. Co., our Supreme Court articulated a

 “comparison test” by reading the policies at issue and the complaint “side by side” to

 determine whether an insurer has a duty to defend. Harleysville Mut. Ins. Co., 364

 N.C. at 6, 692 S.E.2d at 610. A court performs this test by taking “the facts as alleged

 in the complaint . . . are true and compared to the language of the insurance policy.

 If the insurance policy provides coverage for the facts as alleged, then the insurer has

 a duty to defend.” Id. at 7, 692 S.E.2d at 611.

¶ 31 This Court extended the “comparison test” from just allegations in the

 pleadings and the policy in Waste Management and Harleysville Mut. Ins. Co. to
 N.C. FARM BUREAU V. LANIER

 2021-NCCOA-233

 Opinion of the Court

 include “facts learned from the insured and facts discoverable by reasonable

 investigation may also be considered.” Duke Univ. v. St. Paul Fire & Marine Ins. Co.,

 96 N.C. App. 635, 638, 386 S.E.2d 762, 764 (1990).

¶ 32 Defendants tendered claims under four separate types of policies to Plaintiff:

 business primary policies, business excess policy, personal homeowners’ policies, and

 a personal umbrella policy. The parties agreed at oral arguments that the only policy

 where coverage is at issue is under the LLG business excess policy. We limit our

 review to that policy.

 D. Willful Violation of a Criminal Statute

¶ 33 The excess policy contains an exclusion for injuries arising out of the willful

 violation of a penal statute:

 2. Exclusions

 This insurance does not apply to:
 a. “Personal injury” or “advertising injury”;

 ...

 (4) Arising out of the willful violation of a penal
 statute or ordinance committed by or with the
 consent of the insured.

¶ 34 Plaintiff asserts that there is no duty to defend because the complaint alleges

 as the basis of liability, “Defendants knowingly obtained, disclosed and used

 Plaintiffs’ personal information from a motor vehicle record in violation of the DPPA.”
 N.C. FARM BUREAU V. LANIER

 2021-NCCOA-233

 Opinion of the Court

 Plaintiff contends a knowing violation of the DPPA is a criminal act and, the alleged

 injury arising out of a willful violation of a penal statute, triggers the policy exclusion.

 We agree.

¶ 35 Federal code, 18 U.S.C. § 2721, proscribes the knowing disclosure of personal

 information and highly restricted personal information. 18 U.S.C. § 2725(3) defines

 “personal information” as “information that identifies an individual, including an

 individual’s photograph, social security number, driver identification number, name,

 address (but not the 5-digit zip code), telephone number, and medical or disability

 information, but does not include information on vehicular accidents, driving

 violations, and driver’s status.” 18 U.S.C. § 2725(3).

¶ 36 18 U.S.C. § 2725(4) defines “highly restricted personal information” as an

 individual’s photograph or image, social security number, medical or disability

 information[.]” 18 U.S.C. § 2725(4). 18 U.S.C. § 2723 criminalizes knowing

 violations. The code also creates a civil cause of action for knowing violations in 18

 U.S.C. § 2724. Thus, a knowing violation of the DPPA, which gives rise to a civil

 cause of action, is also a violation of the penal criminal provision.

¶ 37 The dispositive issue is whether the plaintiff’s allegations of “knowingly”

 violating the DPPA in Garey has the same meaning as “willfully” doing so. Neither

 the insurance policy nor the DPPA define “knowingly” or “willfully.”
 N.C. FARM BUREAU V. LANIER

 2021-NCCOA-233

 Opinion of the Court

¶ 38 “Knowingly” is defined as “1. having knowledge or understanding 2. shrewd;

 clever 3. implying shrewd understanding or possession of a secret or inside

 information 4. deliberate; intentional.” Webster’s New World College Dictionary 806

 (5th ed. 2014). “Willful” is defined in part as “1. said or done deliberately or

 intentionally.” Webster’s New World College Dictionary 1656 (5th ed. 2014).

¶ 39 The terms “knowingly” and “willfully” are both defined as deliberate or

 deliberately. The standard dictionary and ordinary meanings of both words are

 equivalent. Our General Assembly, our Supreme Court, and this Court have used

 both terms in tandem and interchangeably in both the criminal and civil contexts.

 See Marshall v. Miller, 302 N.C. 539, 547, 276 S.E.2d 397, 402 (1981); State v.

 Tennant, 141 N.C. App. 524, 529, 540 S.E.2d 807, 810 (2000).

¶ 40 We conclude that the words “willful” and “knowing” carry essentially the same

 or equivalent meanings. An allegation of a “knowing” violation of the DPPA is an

 allegation of a “willful” violation of the DPPA. The injury alleged in the underlying

 complaint, which is based upon Defendants having “knowingly obtained, disclosed

 and used Plaintiffs’ personal information from a motor vehicle record in violation of

 the DPPA,” is injury arising out of the “willful” violation of a penal statute and that

 violation is excluded from coverage under the plain terms of the policy.

 V. Conclusion

¶ 41 Viewed in the light most favorable to Defendants and giving them the benefit
 N.C. FARM BUREAU V. LANIER

 2021-NCCOA-233

 Opinion of the Court

of any disputed inferences, the trial court properly entered summary judgment for

Plaintiff. Applying the “comparison test” of the Garey complaint’s allegations to the

terms of Defendants’ policy with Plaintiff, the policy excludes coverage for the facts

as alleged or for “facts discoverable by reasonable investigation.” Harleysville Mut.

Ins. Co., 364 N.C. at 6, 692 S.E.2d at 610-11 (citation omitted); Duke Univ., 96 N.C.

App. at 638, 386 S.E.2d at 764. Defendants’ claims for coverage under the LLG excess

business policy do not invoke Plaintiff’s duty to defend. The trial court’s order is

affirmed. It is so ordered.

 AFFIRMED.

 Judges DEITZ and ARROWOOD concur.